J. A. BLOOMINGSTON, for plaintiff in error.

CHARLES B. OBERMEYER, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*when evidence sufficient to sustain judgment for plaintiff in action for damages for collision between automobiles.* In an action to recover damages for injuries to the plaintiff's automobile sustained in a collision with an automobile of the defendant, where such collision occurred near a street intersection, and the defendant reached the intersection first and had the right of way in the usual course of driving, and the plaintiff claimed that he was forced to the curb by the defendant's wrongfully taking a short cut, *held* that under the conflicting evidence the judgment in favor of plaintiff should not be disturbed.

2. APPEAL AND ERROR, § 1659*—*when judgment sustained upon remittitur.* Where in an action for damages for injuries to an automobile the testimony as to damages appeared unsatisfactory, but it also appeared that the court could ascertain from competent evidence what was the reasonable cost of necessary repairs, *held* that upon remittitur of the amount of certain items, the judgment for plaintiff should be sustained.

### Cora B. Hirtzel, Defendant in Error, v. Annie Ball, Plaintiff in Error.

### Gen. No. 22,286. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed on remittitur. Opinion filed April 10, 1917. Rehearing denied May 10, 1917.

### Statement of the Case.

Action by Cora B. Hirtzel, plaintiff, against Annie Ball, defendant, to recover for the value of services

Hirtzel v. Ball, 205 Ill. App. 244.

rendered as an attorney. From a judgment for plaintiff for $600, defendant brings error.

HEFFRON, PERKINSON & BERLET, for plaintiff in error.

FELSENTHAL & WILSON, for defendant in error; DAVID LEVINSON, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 126*—*when agreement to pay usual fee implied.* In the absence of an express agreement as to the amount of compensation to be paid an attorney for his services, there is an implied contract to pay the usual and customary fee.

2. ATTORNEY AND CLIENT, § 127*—*when judgment for services excessive.* In an action for attorney's fees for services, rendered mostly in securing an abandonment of proceedings before the Board of Local Improvements under a resolution to pave an alley, where the plaintiff sued for $1,000 and the verdict was for $600, and two experienced attorneys testified that such services were worth from $800 to $1,000, and no evidence to the contrary was introduced, *held* that the judgment should be affirmed on a remittitur of $100.

3. ATTORNEY AND CLIENT, § 123*—*what is effect of testimony of experts as to value of services of attorney.* A court is not bound by the testimony of experts as to the value of services of an attorney, and should take into consideration its own knowledge of the value of such services

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.